UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANNA PRASINOU ) | Case Number |
| ) |  |
| Plaintiff ) |  |
| ) | CIVIL COMPLAINT |
| vs. ) |  |
| ) |  |
| I.C. SYSTEMS, INC. ) | JURY TRIAL DEMANDED |
| ) |  |
| Defendant ) |  |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Anna Prasinou, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1. Plaintiff, Anna Prasinou (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Anna Prasinou is an adult natural person residing at 607 Glen Way, NE, Atlanta, GA 30319.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, I.C. Systems, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Georgia with its principal place of business located at 444 East Highway 96, Saint Paul, MN 55164 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7. In or around early September, 2009, Plaintiff began receiving calls to her home and personal cell phone from Defendant in regards to an alleged debt owed to Bank of America for around $11,856.00.

8. Plaintiff was informed during these calls that she had better make payment arrangements to pay off her debt.

9. On or around September 16, 2009, Plaintiff retained the services of Persels & Associates to help with her outstanding debt.  At that time Persels & Associates contacted all of Plaintiff's creditors and informed them that they were representing Ms. Prasinou and that any further contact should come directly through them.

10. On or around September 16, 2009, Persels & Associates sent a cease and desist letter to the Defendant informing them to update their records to reflect Persels & Associates as their sole contact, and ceasing all further contact with the Plaintiff.  **See Exhibit "A" (the letter) attached hereto.**

11. In or around early December, 2009, Plaintiff was still receiving calls from Defendant on this matter.  Defendant refused to call Persels & Associates, stating that Persels & Associates would only interfere and that they are not even a legitimate law firm.

12. As of the filing of this complaint, Plaintiff is still receiving calls up to seven (7) days a week from Defendant trying to set-up payment arrangements on this matter.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

18. The above paragraphs are hereby incorporated herein by reference.

19. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(a)(2): After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

§ 1692c(c): After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692d(6): Place telephone calls without disclosing his/her identity

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2): Character, amount, or legal status of the alleged debt

§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, I.C. Systems, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

          **Respectfully submitted,**

          **WARREN & VULLINGS, LLP**

**Date: January 12, 2010**   **BY: /s/Brent F. Vullings**
          Brent F. Vullings, Esquire
          Warren & Vullings, LLP
          1603 Rhawn Street
          Philadelphia, PA  19111
          215-745-9800   Fax 215-745-7880
          Attorney for Plaintiff